# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION
CASE NO: 8:19-cv-943-T-23 SPF

**RICHARD E. PANTRIDGE**
    **Plaintiff**

**Vs.**

**T-MOBILE, U.S.A.,**
**CONVERGENT OUTSOURCING, INC.,**
**SOUTHWEST CREDIT SYSTEM, L.P.,**
**DIVERSIFIED CONSULTANTS, INC.,**
**AND**
**I.C. SYSTEMS, INC.**
    **Defendants,**
_____/

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

Comes now the plaintiff, Richard E. Pantridge, by and through his

undersigned attorney and sues the defendants,  **T-MOBILE, U.S.A.,**

**CONVERGENT OUTSOURCING, INC., SOUTHWEST CREDIT SYSTEM,**

**L.P. ,DIVERSIFIED CONSULTANTS, INC., AND I.C. SYSTEMS, INC.,** and

alleges as follows:

1

I.F.P

**Nature of the Action:**

1.  This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et. seq., and the Florida Consumer Collection Practices Act ("FCCPA") Florida Statute 559.55 et.seq.

**Venue:**

2.  Venue in this district is proper in that the defendants transact business in Pinellas County, Florida, in the Middle District of Florida, Tampa Division and the incident complained of took place in the Middle District of Florida.

**Jurisdiction:**

3.. The jurisdiction of this Court arises under 15 U.S.C. sec. 1692k and 28U.S.C. sec. 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367.

4.  The transaction occurred in Pinellas County, Florida, in the Middle District of Florida, Tampa Division.

**COUNT ONE**

**CONSPIRACY TO VIOLATE THE FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT AND/OR THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

From on or about April 1, 2017 though on or about January 20, 2019, in Pinellas County Florida, in the Middle District of Florida,

**T-MOBILE, U.S.A.,**
**CONVERGENT OUTSOURCING, INC.,**
**SOUTHWEST CREDIT SYSTEM, L.P.,**
**DIVERSIFIED CONSULTANTS, INC.,**
**AND**
**I.C. SYSTEMS, INC**

defendants herein, did combine, conspire, confederate and agree with each other and with others known and unknown to commit violations of the Federal Fair Debt Collections Practices Act (FDCPA) and/or the Florida Consumer Collections Practices Act, (FCCPA) through the following acts and facts set forth below:

**Parties:**

5. Richard E. Pantridge is sui generis and a resident of Pinellas County, Florida, located in the Middle District of Florida.

6. Convergent Outsourcing, Inc., is a debt collector within the meaning of the FDCPA and the FCCPA.

7. Southwest Credit System, L.P., is a debt collector within the meaning of the FCCPA and FDCPA.

8. Diversified Consultants, Inc., is a debt collector within the meaning of the FCCPA and FDCPA.

9.. I.C.Systems, Inc., is a debt collector within the meaning of the FCCPA and FDCPA.

10. T-Mobile, U.S.A., is a debt collector within the meaning of the FCCPA.

**FACTS:**

11. Richard E. Pantridge is a consumer within the meaning of the FDCPA and FCCPA.

12. The alleged debt is a consumer debt within the meaning of the FDCPA and FCCPA.

13 On April 8,, 2017, T-Mobile, U.S.A. sent to the plaintiff a letter demanding payment in the amount of $131.85..

14. On May 3, 2017, T-Mobile, U.S.A. sent to the plaintiff a letter headed, THIS IS YOUR FINAL NOTICE in the amount of $131.85.which was a false statement designed to create in Mr. Pantridge a false sense of urgency because ...,

15 . On May 8, 2017, T-Mobile, U.S.A. sent a bill to Mr. Pantridge in the amount of $131.85..

16. May 17, 2017 Convergent Outsourcing, Inc. sent a letter to plaintiff on behalf of T-Mobile, U.S.A., Inc.in the amount of $131.85.

17. On June 8, 2017 T-Mobile, U.S.A. sent a bill to plaintiff in the amount of $131.85.

18.  On July 8, 2017,  Southwest Credit sent a letter to  the plaintiff on behalf of T-Mobile, U.S.A., Inc., in the amount of $164.81,.

19. On January 11, 2018, Diversified Consultants, Inc., sent a letter to plaintiff demanding payment in the amount of $164.81.

20.  On January 20, 2018, the plaintiff sent a letter to Diversified Consultants, Inc., advising them he was represented by attorney Frederick W. Vollrath on the matter of the debt alleged to be owed, providing said attorney's address and phone number,  and disputing the bill.

21.  On January 24, 2018, the plaintiff sent a letter to T-Mobile, U.S.A., advising them he was represented by attorney Frederick W. Vollrath on the matter of the debt alleged to be owed,  providing said attorney's address and phone number,  and disputing the bill.

22.  On January 30, 2018, T.Mobile, U.S.A. sent a letter to plaintiff, acknowledging receiving plaintiff's letter to them of January 24, 2018..

23.  On January 21, 2019 I.C. System directly communicated with the plaintiff on behalf of T. Mobile, U.S.A., Inc. in the amount of $164.81

24  On February 25, 2019   I.C. System directly communicated with the plaintiff on behalf of T. Mobile, U.S.A., Inc.in the amount of $164.81

25.  On April 1, 2019,  I.C. System directly communicated with the plaintiff on behalf of T. Mobile, U.S.A., Inc.in the amount of $164.81

Wherefore the plaintiff prays this Honorable Court for an award of:

`a.  Statutory damages of $1,000 under the FCCPA as applicable


b.   Statutory damages of $1,000 under the FDCPA as applicable

d.  Actual damages

d. Attorney fees

e. Costs

f. punitive damages in the discretion of the court under the FCCPA

g. Such other relief as the court deems just

Plaintiff Demands Trial By Jury


## COUNT TWO

## T-MOBILE, U.S.A.,
## VIOLATION OF THE FCCPA

26.   T. Mobile, U.S.A. violated the FCCPA in one or more ways in that:

a.   T-Mobile sent a  Monthly Statement statement to the plaintiff dated April 8, 2017, claiming that $131.85 was due and owing.

b.  T-Mobile sent a letter dated **May 3, 2017** entitled  THIS IS YOUR FINAL NOTICE, when in fact it was not the final notice,  as evidenced by the fact on **May 8, 2017** a Monthly Statement was sent to plaintiff, claiming that $131.85 was due and owing, and  T-Mobile sent another Monthly Statement dated   June  8, 2017, to the plaintiff  claiming that $131.85 was due and owing.

c.  Convergent Outsourcing Inc., sent a letter dated May 17, 2017, on behalf of T-Mobile demanding $131.85 in payment.

d.  Convergent Outsourcing, Inc., when it's collection efforts proved to be unsuccessful either returned the uncollected debt to T-Mobile, or directly turned the debt over to Southwest Credit System, L.P. to collect.

e.  In either event, Southwest Credit System, L.P., as an agent of T-Mobile, then sent a letter dated July 8, 2017, to plaintiff,  now claiming that $164.81 was due and owing, thereby misrepresenting the amount due.

f.  Southwest Credit System, L.P., unsuccessful in its collection efforts then either directly turned the debt over to Diversified Consultants, Inc.,  or returned the debt to T-Mobile for collection.

g.  On January 11, 2018, Diversified Consultants, Inc., acting as an agent for T-Mobile, sent a letter to the plaintiff misrepresenting the amount due as $164.81.

h.  On January 20, 2018, the plaintiff sent a letter to Diversified Consultants, Inc., advising them  he was represented by Attorney Frederick W. Vollrath, Post Office Box 18942, Tampa, Florida, 33679, phone number 813-335-4379.

i.  On January  24, 2018, plaintiff sent a letter directly  to T-Mobile advising T-Mobile  he disputed the debt and  he was represented by Attorney Frederick W. Vollrath providing the attorney's address and phone number as  Post Office Box 18942, Tampa, Florida, 33679, phone number 813-335-4379.

j.  On January 30, 2018, T-Mobile responded by sending a letter acknowledging receipt  of plaintiff's letter advising it of attorney representation on the debt in question.

k. Either T-Mobile, or Diversified Consultants, acting as T-Mobiles agent, then turned the debt over to I.C. Systems, Inc., who then, despite knowing, or who engaged in a policy of wilful blindness, sent a letter directly to plaintiff in an attempt to collect the debt as an agent of T-Mobile, in the amount of $164.81..

l. I.C. System, Inc., also as an agent of T-Mobile misrepresented the amount of the debt by claiming the amount of the debt was $164.81.

27. The conduct of T-Mobile violation of the FCCPA includes, but is not necessarily limited to:

a. 559.72 (7) Willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor.

b. 559.72(9) by Claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist, ie.

i. misrepresenting the amount due and

ii. communicating directly with the plaintiff knowing he was represented by an attorney

c. 559.72 (18)   which prohibits Communication  with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and

has knowledge of, or can readily ascertain, such attorney's name and address,

unless the debtor's attorney fails to respond within 30 days to a communication

from the person, unless the debtor's attorney consents to a direct communication

with the debtor, or unless the debtor initiates the communication.

Wherefore the plaintiff prays this Honorable Court for an award of:

`a.  Statutory damages of $1,000,

b.  Actual damages

c. Attorney fees

d. Costs

e. Such other relief as the court deems just

Plaintiff Demands Trial By Jury

## COUNT THREE

### SOUTHWEST CREDIT SYSTEM, L.P.
### VIOLATION OF THE FCCPA

28.   Southwest Credit System, L.P. violated the FCCPA in one or more ways upon

the following facts::

m.  T-Mobile sent a  Monthly Statement statement to the plaintiff dated April 8,

2017, claiming that $131.85 was due and owing.

n. T-Mobile sent a letter dated **May 3, 2017** entitled **THIS IS YOUR FINAL NOTICE**, when in fact it was not the final notice,  as evidenced by the fact on **May 8, 2017** a Monthly Statement was sent to plaintiff, claiming that $131.85 was due and owing, and  T-Mobile sent another Monthly Statement dated   June  8, 2017, to the plaintiff  claiming that $131.85 was due and owing.

o. Convergent Outsourcing Inc., sent a letter dated May 17, 2017, on behalf of T-Mobile demanding $131.85 in payment.

p. Convergent Outsourcing, Inc., when it's collection efforts proved to be unsuccessful either returned the uncollected debt to T-Mobile or turned the debt over to Southwest Credit System, L.P. to collect.

q. In either event, Southwest Credit System, L.P., as an agent of T-Mobile, then sent a letter dated July 8, 2017, to plaintiff,  now claiming that $164.81 was due and owing, thereby misrepresenting the amount due.

r. Southwest Credit System, L.P., unsuccessful in its collection efforts then either turned the debt over to Diversified Consultants, Inc., or returned the debt to T-Mobile for collection.

s. On January 11, 2018, Diversified Consultants, Inc., acting as an agent for
   T-Mobile, sent a letter to the plaintiff misrepresenting the amount due as
   $164.81.

t. On January 20, 2018, the plaintiff sent a letter to Diversified Consultants,
   Inc., advising them he was represented by Attorney Frederick W. Vollrath,
   Post Office Box 18942, Tampa, Florida, 33679, phone number
   813-335-4379.

u. On January 24, 2018, plaintiff sent a letter to T-Mobile advising it he
   disputed the debt and he was represented by Attorney Frederick W. Vollrath,
   Post Office Box 18942, Tampa, Florida, 33679, phone number
   813-335-4379.

v. On January 30, 2018, T-Mobile responded by sending a letter
   acknowledging receive of plaintiff's letter advises it of attorney
   representation on the debt in question.

w. Either T-Mobile, or Diversified Consultants then turned the debt over to I.C.
   Systems, Inc., who then, despite knowing, or who engaged in a policy of
   wilful blindness, sent a letter directly to plaintiff in an attempt to collect the
   debt as an agent of T-Mobile, knowing plaintiff was represented by an
   attorney.

x. I.C. System, Inc., also as an agent of T-Mobile misrepresented the amount of the debt by claiming the amount of the debt was $164.81.

29. The conduct Southwest Credit System, L.P. violation of the FCCPA includes, but is not necessarily limited to:

a. 559.72 (7) Willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor.

b. 559.72(9) by Claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist, ie. misrepresenting the amount due and communicating directly with the plaintiff knowing he was represented by an attorney.

c. 559.72 (18) which prohibits Communication with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

Wherefore the plaintiff prays this Honorable Court for an award of:

a. Statutory damages of $1,000,

b.  Actual damages

c. Attorney fees

d. Costs

e. Punitive damages in the discretion of the court.

e. Such other relief as the court deems just.

Plaintiff Demands Trial By Jury

## COUNT FOUR

### SOUTHWEST CREDIT SYSTEM, L.P.
### VIOLATION OF THE FDCPA

30.  The conduct of Southwest Credit System, L.P. as outlined in paragraphs 1-26

constitutes a violation of the FDCPA in particular:

a. 15 USC 1692e which states: a debt collector may not use any false,

deceptive, or misleading representation or means in connection with the collection

of any debt. Without limiting the general application of the foregoing, the

following conduct is a violation of this section:

(2) The false representation of --

(A) the character, amount, or legal status of any debt; in that the amount of the debt

was $131.85 and Southwest Credit System, L.P. was claiming $164.81 as being

due.

b. 15 USC 1692c which states: (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

c. 15 USC 1692f which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

Wherefore the plaintiff prays this Honorable Court for an award of:

a.  Statutory damages of $1,000,

b.  Actual damages

c. Attorney fees

d. Costs

e. Such other relief as the court deems just

Plaintiff Demands Trial By Jury

## COUNT FIVE

## CONVERGENT OUTSOURCING, INC., VIOLATION OF THE FCCPA

**31.**   Convergent Outsourcing, Inc.,  violated the FCCPA in one or more ways upon the following facts::

y.   T-Mobile sent a  Monthly Statement statement to the plaintiff dated April 8, 2017, claiming that $131.85 was due and owing.

z.  T-Mobile sent a letter dated **May 3, 2017** entitled  **THIS IS YOUR FINAL NOTICE**, when in fact it was not the final notice,  as evidenced by the fact on **May 8, 2017** a Monthly Statement was sent to plaintiff, claiming that $131.85 was due and owing, and  T-Mobile sent another Monthly Statement dated   June  8, 2017, to the plaintiff  claiming that $131.85 was due and owing.

aa. Convergent Outsourcing Inc., sent a letter dated May 17, 2017, on behalf of T-Mobile demanding $131.85 in payment.

bb. Convergent Outsourcing, Inc., when it's collection efforts proved to be unsuccessful either returned the uncollected debt to T-Mobile or turned the debt over to Southwest Credit System, L.P. to collect.

cc. In either event, Southwest Credit System, L.P., as an agent of T-Mobile, then sent a letter dated July 8, 2017, to plaintiff,  now claiming that $164.81 was due and owing, thereby misrepresenting the amount due.

dd. Southwest Credit System, L.P., unsuccessful in its collection efforts then either turned the debt over to Diversified Consultants, Inc., or returned the debt to T-Mobile for collection.

ee. On January 11, 2018, Diversified Consultants, Inc., acting as an agent for T-Mobile, sent a letter to the plaintiff misrepresenting the amount due as $164.81.

ff. On January 20, 2018, the plaintiff sent a letter to Diversified Consultants, Inc., advising them  he was represented by Attorney Frederick W. Vollrath, Post Office Box 18942, Tampa, Florida, 33679, phone number 813-335-4379.

gg. On January  24, 2018, plaintiff sent a letter to T-Mobile advising it he disputed the debt and  he was represented by Attorney Frederick W. Vollrath, Post Office Box 18942, Tampa, Florida, 33679, phone number 813-335-4379.

hh. On January 30, 2018, T-Mobile responded by sending a letter acknowledging receive of plaintiff's letter advises it of attorney representation on the debt in question.

ii. Either T-Mobile, or Diversified Consultants then turned the debt over to I.C. Systems, Inc., who then, despite knowing, or who engaged in a policy of

wilful blindness, sent a letter directly to plaintiff in an attempt to collect the

debt as an agent of T-Mobile, knowing  plaintiff was represented by an

attorney.

jj. I.C. System, Inc., also as an agent of T-Mobile misrepresented the amount of

the debt by claiming the amount of the debt was $164.81.

32.  The conduct Convergent Outsourcing Inc.,  violation of the FCCPA includes,

but is not necessarily limited to:

a. 559.72 (7)  Willfully  engaging in  conduct which can reasonably be

expected to abuse or harass the debtor.

b. 559.72(9) by Claiming,  attempting, or threatening  to enforce a debt when

such person knows that the debt is not legitimate, or assert the existence of some

other legal right when such person knows that the right does not exist, ie.

misrepresenting the amount due and communicating directly with the plaintiff

knowing he was represented by an attorney.

c. 559.72 (18)    which prohibits Communication with a debtor if the person

knows that the debtor is represented by an attorney with respect to such debt and

has knowledge of, or can readily ascertain, such attorney's name and address,

unless the debtor's attorney fails to respond within 30 days to a communication

from the person, unless the debtor's attorney consents to a direct communication

with the debtor, or unless the debtor initiates the communication.

Wherefore the plaintiff prays this Honorable Court for an award of:

a. Statutory damages of $1,000,

b. Actual damages

c. Attorney fees

d. Costs

e. Punitive damages in the discretion of the Court.

## COUNT SIX

### CONVERGENT OUTSOURCING, INC.,
### VIOLATION OF THE FDCPA

33. The conduct of Convergent Outsourcing Inc., as outlined in paragraphs 28-29

constitutes a violation of the FDCPA, in particular:

a. 15 USC 1692e which states: a debt collector may not use any false,

deceptive, or misleading representation or means in connection with the collection

of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

(A) the character, amount, or legal status of any debt; in that the amount of the debt was $131.85 and Southwest Credit System, L.P. was claiming $164.81 as being due.

  b. 15 USC 1692c which states: (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

  c. 15 USC 1692f which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

  Wherefore the plaintiff prays this Honorable Court for an award of:

a.  Statutory damages of $1,000,

b.  Actual damages

c. Attorney fees

d. Costs

e. Such other relief as the court deems just

Plaintiff Demands Trial By Jury

## COUNT SEVEN

## DIVERSIFIED CONSULTANTS, INC.
## VIOLATION OF THE FCCPA

34 .  Diversified Consultants, Inc.,  violated the FCCPA in one or more ways upon the following facts::

kk. T-Mobile sent a  Monthly Statement statement to the plaintiff dated April 8, 2017, claiming that $131.85 was due and owing.

ll. T-Mobile sent a letter dated **May 3, 2017** entitled  **THIS IS YOUR FINAL NOTICE**, when in fact it was not the final notice,  as evidenced by the fact on **May 8, 2017** a Monthly Statement was sent to plaintiff, claiming that $131.85 was due and owing, and  T-Mobile sent another Monthly Statement dated   June  8, 2017, to the plaintiff  claiming that $131.85 was due and owing.

mm.   Convergent Outsourcing Inc., sent a letter dated May 17, 2017, on behalf of T-Mobile demanding $131.85 in payment.

nn. Convergent Outsourcing, Inc., when it's collection efforts proved to be unsuccessful either returned the uncollected debt to T-Mobile or turned the debt over to Southwest Credit System, L.P. to collect.

oo. In either event, Southwest Credit System, L.P., as an agent of T-Mobile, then sent a letter dated July 8, 2017, to plaintiff, now claiming that $164.81 was due and owing, thereby misrepresenting the amount due.

pp. Southwest Credit System, L.P., unsuccessful in its collection efforts then either turned the debt over to Diversified Consultants, Inc., or returned the debt to T-Mobile for collection.

qq. On January 11, 2018, Diversified Consultants, Inc., acting as an agent for T-Mobile, sent a letter to the plaintiff misrepresenting the amount due as $164.81.

rr. On January 20, 2018, the plaintiff sent a letter to Diversified Consultants, Inc., advising them he was represented by Attorney Frederick W. Vollrath, Post Office Box 18942, Tampa, Florida, 33679, phone number 813-335-4379.

ss. On January 24, 2018, plaintiff sent a letter to T-Mobile advising it he disputed the debt and he was represented by Attorney Frederick W. Vollrath,

Post Office Box 18942, Tampa, Florida, 33679, phone number

813-335-4379.

tt. On January 30, 2018, T-Mobile responded by sending a letter

acknowledging receive of plaintiff's letter advises it of attorney

representation on the debt in question.

uu. Either T-Mobile, or Diversified Consultants then turned the debt over to I.C.

Systems, Inc., who then, despite knowing, or who engaged in a policy of

wilful blindness, sent a letter directly to plaintiff in an attempt to collect the

debt as an agent of T-Mobile, knowing  plaintiff was represented by an

attorney.

vv. I.C. System, Inc., also as an agent of T-Mobile misrepresented the amount of

the debt by claiming the amount of the debt was $164.81.

35 . The conduct Convergent Outsourcing Inc.,  violation of the FCCPA includes,

but is not necessarily limited to:

a. 559.72 (7)  Willfully  engaging in  conduct which can reasonably be

expected to abuse or harass the debtor.

b. 559.72(9) by Claiming,  attempting, or threatening  to enforce a debt when

such person knows that the debt is not legitimate, or assert the existence of some

other legal right when such person knows that the right does not exist, ie.

misrepresenting the amount due and communicating directly with the plaintiff knowinc.

c. 559.72 (18)    which prohibits Communication with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.g he was represented by an attorney.

Wherefore the plaintiff prays this Honorable Court for an award of:

a.  Statutory damages of $1,000,

b.  Actual damages

c. Attorney fees

d. Costs

e. Punitive damages in the discretion of the Court.

## COUNT EIGHT

## CONVERGENT OUTSOURCING, INC., VIOLATION OF THE FDCPA

36.  The conduct of Convergent Outsourcing Inc., as outlined in paragraphs 31-32 constitutes a violation of the FDCPA, in particular:

a. 15 USC 1692e which states: a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

(A) the character, amount, or legal status of any debt; in that the amount of the debt was $131.85 and Southwest Credit System, L.P. was claiming $164.81 as being due.

b. 15 USC 1692c which states: (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

c. 15 USC 1692f which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

Wherefore the plaintiff prays this Honorable Court for an award of:

a.  Statutory damages of $1,000,

b.  Actual damages

c.  Attorney fees

d.  Costs

e.  Such other relief as the court deems just

Plaintiff Demands Trial By Jury

## COUNT NINE

## I.C. SYSTEMS, INC.,
## VIOLATION OF THE FCCPA

37 .  I.C. Systems, Inc.,   violated the FCCPA in one or more ways upon the

following facts::

ww.    T-Mobile sent a  Monthly Statement statement to the plaintiff dated April

8, 2017, claiming that $131.85 was due and owing.

xx.T-Mobile sent a letter dated **May 3, 2017** entitled  **THIS IS YOUR FINAL**

**NOTICE,** when in fact it was not the final notice,  as evidenced by the fact

on **May 8, 2017** a Monthly Statement was sent to plaintiff, claiming that

$131.85 was due and owing, and  T-Mobile sent another Monthly Statement

dated   June  8, 2017, to the plaintiff  claiming that $131.85 was due and owing.

yy. Convergent Outsourcing Inc., sent a letter dated May 17, 2017, on behalf of T-Mobile demanding $131.85 in payment.

zz. Convergent Outsourcing, Inc., when it's collection efforts proved to be unsuccessful either returned the uncollected debt to T-Mobile or turned the debt over to Southwest Credit System, L.P. to collect.

aaa.   In either event, Southwest Credit System, L.P., as an agent of T-Mobile, then sent a letter dated July 8, 2017, to plaintiff,  now claiming that $164.81 was due and owing, thereby misrepresenting the amount due.

bbb.   Southwest Credit System, L.P., unsuccessful in its collection efforts then either turned the debt over to Diversified Consultants, Inc., or returned the debt to T-Mobile for collection.

ccc.   On January 11, 2018, Diversified Consultants, Inc., acting as an agent for T-Mobile, sent a letter to the plaintiff misrepresenting the amount due as $164.81.

ddd.   On January 20, 2018, the plaintiff sent a letter to Diversified Consultants, Inc., advising them  he was represented by Attorney Frederick W. Vollrath,

Post Office Box 18942, Tampa, Florida, 33679, phone number

813-335-4379.

eee.    On January 24, 2018, plaintiff sent a letter to T-Mobile advising it he

disputed the debt and  he was represented by Attorney Frederick W. Vollrath,

Post Office Box 18942, Tampa, Florida, 33679, phone number

813-335-4379.

fff. On January 30, 2018, T-Mobile responded by sending a letter

acknowledging receive of plaintiff's letter advises it of attorney

representation on the debt in question.

ggg.    Either T-Mobile, or Diversified Consultants then turned the debt over to

I.C. Systems, Inc., who then, despite knowing, or who engaged in a policy of

wilful blindness, sent a letter directly to plaintiff in an attempt to collect the

debt as an agent of T-Mobile, knowing  plaintiff was represented by an

attorney.

hhh.    I.C. System, Inc., also as an agent of T-Mobile misrepresented the

amount of the debt by claiming the amount of the debt was $164.81.

38 . The conduct of I.C.Systems, Inc.,, violation of the FCCPA includes, but is not

necessarily limited to:

a. 559.72 (7)  Willfully  engaging in  conduct which can reasonably be expected to abuse or harass the debtor.

b. 559.72(9) by Claiming,  attempting, or threatening  to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist, ie. misrepresenting the amount due and communicating directly with the plaintiff knowing he was represented by an attorney.

c. 559.72 (18)    which prohibits Communication with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

Wherefore the plaintiff prays this Honorable Court for an award of:

a.  Statutory damages of $1,000,

b.  Actual damages

c. Attorney fees

d. Costs

e. Punitive damages in the discretion of the Court.

## COUNT TEN

## CONVERGENT OUTSOURCING, INC., VIOLATION OF THE FDCPA

38.  The conduct of Convergent Outsourcing Inc., as outlined in paragraphs 30-31 constitutes a violation of the FDCPA, in particular:

a. 15 USC 1692e which states: a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

(A) the character, amount, or legal status of any debt; in that the amount of the debt was $131.85 and Southwest Credit System, L.P. was claiming $164.81 as being due.

b. 15 USC 1692c which states: (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt

collector or unless the attorney consents to direct communication with the consumer;

     c. 15 USC 1692f which prohibits the  use of  unfair or unconscionable means to collect or attempt to collect any debt.

     Wherefore the plaintiff prays this Honorable Court for an award of:

a.  Statutory damages of $1,000,

b.  Actual damages

c. Attorney fees

d. Costs

e. Such other relief as the court deems just

     Plaintiff Demands Trial By Jury


RESPECTFULLY SUBMITTED

/s/*Frederick W. Vollrath*


               /S/*Frederick W. Vollrath*
               Frederick W. Vollrath
               Attorney at Law
               Post Office Box 18842
               Tampa, Florida, 333679
               813-335-4379
               fredvollath@aol.com

FBN: 165-812